# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-19-394-PRW |
| ) | |
| MICHAEL JACKSON WINROW, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant filed a motion to suppress arguing that certain evidence was obtained and statements were made in violation of Defendant's constitutional rights (Dkt. 22). The Court held an evidentiary hearing on the motion on March 6, 2020. After consideration of all the evidence submitted at the hearing, and the parties' briefs, the motion is denied.

### *Physical Evidence*

The government has established by a preponderance of the evidence that the smell of burnt marijuana coming from Defendant's vehicle and person gave it probable cause to search Defendant's vehicle. Officer Barrie and Officer Wooten credibly testified that they smelled the odor of burnt marijuana coming from Defendant's vehicle and person. Although the use of marijuana is legal under

1

Oklahoma state law in certain circumstances, its use is illegal under federal law.[1] Moreover, even if it was legal under federal law, Defendant does not allege that he could legally use marijuana under Oklahoma law, or that someone who could was in or around him and his vehicle. Although Defendant proffered evidence at the hearing that drug tests conducted by his federal probation officer around the time of the search came back negative for marijuana and the search of his vehicle produce no evidence of marijuana, such evidence simply suggests that Defendant was not the one smoking marijuana. It remains possible that the smell of marijuana could nevertheless have been on his person or in his vehicle due to someone else smoking marijuana near Defendant or in his car. In any event, the question is not whether Defendant or anyone else smoked marijuana in the vehicle, but rather whether the preponderance of the evidence supports a finding that the officers smelled marijuana and therefore had probable cause to search the vehicle.

As a result, the Court finds that the government has established by a preponderance of the evidence—with the police reports, body camera footage, and testimony of Officer Barrie and Officer Wooten—that the search of Defendant's vehicle was based on probable cause such that the warrantless search of Defendant's vehicle was lawful.

---

[1] *United States v. Snyder*, 793 F.3d 1241, 1244 (10th Cir. 2015); *United States v. Johnson*, 630 F.3d 970, 974 (10th Cir. 2010); *United States v. Stancle*, 184 F. Supp. 3d 1249, 1256 (N.D. Okla. 2016).

*Statements*

The government has also established by a preponderance of the evidence that the statement made by Defendant prior to receiving his *Miranda* warnings while being transported to the police station by Officer Wooten—"I keep getting shot at, so why wouldn't I carry a pistol"—was voluntary. The only evidence presented to the Court was Officer Wooten's testimony that Defendant did not make this statement in response to a question. So although it is undisputed that Defendant was handcuffed in the back of a police car without receiving his *Miranda* warnings when he made this statement, the only evidence on the record establishes that the statement was not the product of an interrogation and Defendant's constitutional rights were accordingly not violated. As a result, the Court finds that the government has established by a preponderance of the evidence that Defendant's statement was voluntary, so the motion to suppress the evidence on this basis is denied.

The government has also established by a preponderance of the evidence that the statement made by Defendant after receiving his *Miranda* warnings— explaining that he had the pistol for personal protection because he had been shot at—was voluntary. The video of Defendant's interrogation shows that he made this statement after an officer read him his *Miranda* rights and he nodded that he understood those rights and also responded in the affirmative to the question,

"Having these rights in mind do you wish to talk to us now?" The government therefore has established by a preponderance of the evidence that *Miranda* warnings were administered and Defendant waived his rights verbally and with a head nod. The Court has no evidence that Defendant did not understand his rights or that the officers threatened physical punishment; in fact, the entire interrogation was conversational, and the officers never raised their voices. The motion to suppress this statement is therefore denied.

Finally, the Court finds that since the government does not seek to use the remaining statements Defendant discussed in his motion to suppress against Defendant, the motion to suppress as to those statements is denied as moot.

## *Conclusion*

For the reasons outlined above, Defendant's motion to suppress (Dkt. 22) is **DENIED**.

**IT IS SO ORDERED this 7th day of March, 2020.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE